## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) Case No.: 2:12-cr-319-JCM-GWF |
| vs. | )<br>) **ORDER** |
| MARIA LARKIN, | )<br>) **Re: Motion to Compel (#64)** |
| Defendant. | )<br>) |

This matter is before the Court on the Government's Emergency Motion to Compel (#64), filed on March 20, 2015. The Court conducted a hearing in this matter on May 29, 2015. Defendant did not file a written response to the Government's motion prior to the hearing, but did cite legal authority in support of its opposition during the hearing. On the same day as the hearing, the parties stipulated to continue the trial to December 9, 2015. The Court directed the Defendant to file a written response to the Government's motion and granted the Government leave to file a reply. Defendant filed its Response in Opposition (#85) on June 11, 2015. The Government filed its Reply (#93) on June 26, 2015.

## BACKGROUND AND DISCUSSION

The indictment charges Defendant Maria Larkin with structuring transactions to evade reporting requirements in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1) and 31 C.F.R. § 103.11; and evasion of payment of taxes in violation of 26 U.S.C. § 7201. It is undisputed that the Defendant has requested discovery from the Government pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure and that the Government has disclosed items in response thereto. Defendant argues, however, that the Government has not specifically identified

evidence it intends to use in its case-in-chief at trial which allegedly makes it impossible for the Defendant to determine what evidence she will use in her case-in-chief. *Defendant's Response (#85), pg. 3*. The Government argues that under Rule 16(b)(1)(A), Defendant is obligated to disclose evidence that she intends to use during cross examination of the Government's witnesses to support her defense. Defendant argues, however, that the rule should be narrowly construe to only require Defendant to disclose evidence that she intends to use in her case-in-chief after the Government rests its case.

The Government's motion requires the Court to enter the debate regarding the meaning of the term "defendant's case-in-chief" in Rule 16(b)(1)(A). The rule states as follows:

> If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, then the defendant must permit the government upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items if:
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Rule 16(d)(2) provides that if a party fails to comply with the rule, the court may (A) order the party to permit the discovery or inspection; (B) grant a continuance; (C) prohibit the party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances.

In *United States v. Hsia*, 2000 WL 195067 (D.D.C. 2000), the defendant argued that she had no duty to provide reciprocal discovery under Rule 16(b)(1)(A) because she had "no present intention to do anything but cross-examine the government witnesses." *Id.* at *1. The defendant argued that a defendant's case-in-chief, or "evidence-in-chief" as the rule then stated, "consists only of the presentation of a defendant's case after the government rests." *Id.* at *2. Because defendant had no present intention to introduce evidence after the government rested, she argued that she had no duty to provide reciprocal discovery. In rejecting this argument, the court cited the definition of "case-in-chief" in Black's Law Dictionary (7th ed. 1999) which defined the term as "[t]he part of a trial in which a party presents evidence to support its claim or defense." The court stated that under this definition, evidence introduced by the defendant during cross-examination of

government witnesses to support her defense should be considered part of defendant's "case-in-chief." The court stated, however, that if the defendant uses a document merely to impeach a government witness, and not as affirmative evidence in furtherance of her theory of the case, it is not part of her case-in-chief and need not be disclosed pursuant to Rule 16(b)(1)(A).

In *United States v. Swenson*, 298 F.R.D. 474, 476 (D.Idaho 2014), the court agreed with *Hsia's* interpretation of "case-in-chief." The defendants in *Swenson* argued that the "basic, primary definition of case-in-chief" in the most recent edition of Black's Law Dictionary is "[t]he evidence presented at trial by a party between the time the party calls the first witness and the party rests." The court noted that the definition of case-in-chief in the most recent editions of Black's Law Dictionary includes both the definition cited by the court in *Hsia* and the definition cited by defendants.[1] The court also discussed an article in *The Champion*, the journal of the National Association of Criminal Defense Lawyers, which analyzed Rule 16. The court stated that "[d]espite discussing the uncertainty as to the meaning of case-in-chief, the various policy considerations of Rule 16(b)(1)(A), the pitfalls facing defendants, and approaches defendants should take, at no time do the authors argue that Defendants' narrow reading of case-in-chief should apply. Nor have Defendants presented any case law supporting their narrow reading." *Id.* at 476. The court concluded:

> In the Court's view, when cross examining a government witness, a defendant is asserting the defense that the government cannot prove the required elements of the crime charged and thus is required to disclose any evidence it seeks to use to establish the failure of proof. On the other hand, the defendant is not required to disclose evidence used to impeach a government witness by, for example, showing a prior inconsistent statement. To hold otherwise, would effectively render Rule 16(b)(1)(A) a nullity unless a defendant asserted an affirmative defense or planned to put on his or her case after the government rested. Therefore, the Court adopts the holding of *Hsia* and finds that, if the prerequisites of Rule 16(b)(1)(A) are satisfied,

. . .

---

[1] *Black's Law Dictionary* (9th ed. 2009), 244 defines case-in-chief as follows: "1. The evidence presented at trial by a party between the time the party calls the first witness and the time the party rests. 2. The part of a trial in which a party presents evidence to support the claim or defense."

> Defendants have a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes.

298 F.R.D. at 476-477.

In *United States v. Harry*, 2014 WL 6065705 (D.N.M. 2014), the district court disagreed with *Hsia* and *Swenson*. The court held that the term "case-in-chief refers to evidence that a party presents between the time the party calls its first witness and the time the party rests. *Id* at *10. In reaching this conclusion, the court cited the later editions of Black's Law Dictionary which include this definition. The court also cited numerous court decisions that "have repeatedly used the term case-in-chief to refer to the part of the trial between the time that a party calls its first witness and when it rests." *Id.* at *6. The court stated that "[b]ecause the term case-in-chief has continuously been defined and used in a manner that refers to the part of a trial in which a party calls its first witness until it rests, and because there is no indication that the term was intended to be defined in rule 16(b)(1)(A) in a manner contrary to its traditional definition," it should be defined in accordance with that meaning. *Id.* at *10.

*Harry* distinguished *United States v. Young*, 248 F.3d 260, 269-70 (4th Cir. 2001) which arguably supported the interpretation adopted in *Hsia*. As stated in *Harry*, "[t]he Fourth Circuit noted that the defendant's attempt to introduce the audiotapes on cross examination 'could have been interpreted by the district court as an effort to circumvent the court's unambiguous discovery order' and as an effort to 'escape disclosure when his true intent was to introduce the tape as "evidence in chief."'" *Id.* at *8. *Harry* declined to give persuasive weight to *Young*, however, because the Fourth Circuit did not explain why evidence introduced during cross examination fell within Rule 16's disclosure requirements. The court stated that *Young* "may be explained by the fact that the Fourth Circuit was applying the previous version of rule 16 which used the term evidence in chief." *Id.* at *8. The court further stated that "[t]he Advisory Committee's Notes to the 2002 Amendments state that the change from 'evidence in chief' to 'case-in-chief' 'may be substantive in nature.'" *Id.*

*Harry* acknowledged that "[t]here could be cases where everyone agrees that, to avoid recalling witnesses, everyone will just ask all of their questions while the witness is present; and the

4

cross-examination is really a direct examination with non-leading questions; and in such cases the defendant's case-in-chief should include that direct examination; but without such circumstances, the Court should treat case-in-chief with its traditional meaning." *Id.* at *10.  The court also noted that every court that has considered the issue has found that a defendant's case-in-chief does not include impeachment material. *Id.* at *10, citing *United States v. Medearis*, 380 F.3d 1049, 1057-58 (8th Cir. 2004); *United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000); and *Hsia* and *Swenson*, *supra.*

The most recent case addressing this issue is *United States v. Holden*, 2015 WL 1514569 (D.Or. March 19, 2015) which adopts the same interpretation of case-in-chief as the courts in *Hsia* and *Swenson*.[1]  The court stated that "the crux of this dispute is whether under Rule 16 the phrase "case-in-chief at trial" is used in a strictly temporal sense (*i.e.,* the period of trial after the government rests) or whether the term refers to the purpose for which the defendant intends to use the evidence." *Id.* at *2.  The defendant in *Holden* based his argument on *United States v. Givens*, 767 F.2d 574, 582-83 (9th Cir. 1985) and *Harry v. United States, supra*.  In concluding that the defendant's reliance on *Givens* was misplaced, the court stated:

> In *Givens* the Ninth Circuit considered whether the government had a duty within the meaning of Rule 16(a)(1)(C) to disclose certain evidence because it intended to use the evidence in its "evidence in chief" (*i.e.,* the other side of the reciprocal-discovery coin). After the government rested, the defendant presented testimony that a Converse shoe-print found at the scene of the crime did not belong to him because he only owned one pair of tennis shoes and those shoes were not Converse. 767 F.2d at 582. In its rebuttal case the government presented testimony that an agent had seen the defendant wearing Converse shoes one year earlier and that the crime-scene shoe-print was, in fact, made by a Converse shoe. The government then introduced into evidence two pairs of Converse shoes to "illustrate the testimony." *Id.* at 582–83. Givens argued the Court should have excluded the government's rebuttal evidence because the government did not disclose it pursuant to the then-Rule 16(a)(1)(C),

---

[2] The court in *United States v. Kubini*, 304 F.R.D. 208, 214-215 (W.D.Pa. 2015) briefly discusses *Hsia* and *Swenson* and states that these decisions "do not represent settled law and other courts have criticized the approach set forth therein, including the one case that has cited *Swenson* for any purpose. *See e.g., United States v. Harry*, 2014 WL 6065705, at *4-11 (D.N.M. Oct. 14, 2014) . . . ." *Kubini* did not adopt either interpretation of Rule 16(b)(1)(A), but instead interpreted the meaning of its own pretrial order which was disputed by the parties.

5

which required the government to disclose all of its "evidence in chief." *Id.* at 583.

After finding the Rules use the phrase "evidence in chief" interchangeably with "case-in-chief," the Ninth Circuit concluded the government did not have a duty to disclose its rebuttal evidence under Rule 16(a)(1)(C) because "[t]he evidence was offered to impeach Givens' wife's testimony that Givens owned only one pair of tennis shoes." *Id.* The court, therefore, stated the straightforward principle that one way to impeach a witness's testimony is to introduce evidence that contradicts the witness's testimony.

The Ninth Circuit in *Givens* appears to assume Rule 16 does not use the interchangeable phrases "evidence in chief" and "case-in-chief" in a strict temporal sense. Under a strict temporal interpretation of Rule 16, the *Givens* court could have resolved the issue before it on the basis that the government introduced the evidence in its rebuttal case rather than in its temporal "case-in-chief" before Defendant called his witnesses. See *id.* at 582 ("During rebuttal, the government attempted to. impeach Givens' wife's testimony regarding the tennis shoes."). Instead the Ninth Circuit found the government did not intend to use the Converse shoe evidence as "evidence in chief" because it was introduced for impeachment purposes. *Id.* at 583. The Court concludes the analytical approach in *Givens,* therefore, assumes the phrases "evidence in chief" and "case-in-chief" refer to the purpose for which the government intended to offer the evidence rather than the temporal stage of trial in which the government sought to use it. Thus, the Court concludes *Givens* is not inconsistent with the Court's February 10, 2015, Order and does not provide a basis to modify it.

*Holden* also rejected the arguments in favor of the temporal interpretation set forth in *United States v. Harry*. The court noted the *Harry* court's statement that the parties could agree to "just ask all of their questions while the witness is present; and the cross examination is really a direct examination with non-leading questions." *Holden* states:

> In fact, the use of evidence by a criminal defendant outside the scope of traditional cross-examination through one of the government's witnesses is standard modern trial practice in complex cases like this one because it is more efficient, is respectful of the availability of out-of-district witnesses, and presents the evidence to the factfinder in a more streamlined and understandable manner. Thus, the *Harry* court's acknowledgment that some evidence a defendant intends to use in examination of government witnesses may be evidence the defendant intends to use in his "case-in-chief" undermines that court's bright-line temporal interpretation of "case-in-chief."

*Holden*, at *3.

*Holden* also rejected the *Harry* court's reliance on the fact that the pre-2002 version of Rule 16 used the phrase "evidence in chief" instead of "case-in-chief," and stated that the "'the Advisory

6

Committee's Notes to the 2002 Amendments state that the change from 'evidence in chief' to 'case-in-chief' 'may be substantive in nature.' *Id.*, at *8." *Holden* found, however, that this is a misreading of the Advisory Committee Notes:

> The potentially substantive change that the Advisory Committee referred to was an amendment of the language 'the defendant intends to *introduce* as evidence' to the 'defendant intends to *use* the item' rather than the change from 'evidence in chief' to 'case in chief.' Advisory Comm. Notes to Fed.R.Crim.P. 16 (2002 Amendment). In fact, it would be odd for the Advisory Committee to ascribe substantive significance to the change to "case-in-chief" from "evidence in chief" in light of the fact that the Committee previously defined "evidence in chief" in the context of the pre-2002 Rule 16(b) as "evidence in [a defendant's] case in chief." Advisory Comm. Notes to Fed.R.Crim.P. 16 (1974 Amendment). Accordingly, this Court agrees with the *Givens* court that the difference between "evidence in chief" and "case-in-chief" is not substantive in this context. See 767 F.2d at 583.

*Holden*, at *4.

The *Holden* court found that the *Hsia* and *Swenson* approach "is more consistent with the realities of modern trial practice, the analytical approach the Ninth Circuit took in *Givens* with regard to the government's corollary obligation, and the structure and integrity of Rule 16(b) as a whole." *Id.* at *4. *Holden* sufficiently answers the *Harry* court's criticisms of the interpretation of "case-in-chief" adopted in *Hsia* and *Swenson*, while at the same time refuting the grounds for the *Harry* court's holding that the term "case-in-chief" as used in Rule 16(b)(1)(A) should be restricted to its temporal sense rather than its purpose.

Rule 16 presents a defendant with certain options that may require her to make difficult choices. On the one hand, a defendant can forego discovery of the evidence that the government intends to use in its case-in-chief, and thereby avoid being required to disclose the evidence that she intends to use in support of her defense. On the other hand, the defendant may decide that it is more important to know what evidence the government intends to use at trial, than it is to avoid disclosure of the defense's evidence. Rule 16, however, does not allow the defendant to have it both ways, i.e., she cannot obtain the government's evidence without disclosing her own evidence (other than impeachment evidence). Because a defendant may present her defense through examination of the government's witnesses, rather than calling them to testify after the government

rests, the narrow, temporal interpretation of "case-in-chief" would result in a loophole in the reciprocal disclosure rule that is contrary to the purpose of the rule. This Court therefore finds that the interpretation of case-in-chief by the courts in *Hsia*, *Swenson* and *Holden* is the better view and, as stated in *Holden*, is consistent with the structure and integrity of Rule 16(b) as a whole.

## CONCLUSION

The term or phrase "defendant's case-in-chief at trial" as stated in Rule 16(b)(1)(A) applies to evidence that a defendant intends to present during the examination of the government's witnesses to support his or her defense, as well as to evidence that the defendant intends to present at trial after the government rests its case. Rule 16(b)(1) does not, however, require a defendant to disclose evidence that defendant intends to use only for purposes of impeachment.

Defendant has argued that she cannot determine the evidence she intends to use in her case-in-chief until the Government identifies with more specificity the evidence it intends to use in its case-in-chief at trial. The Court is not necessarily persuaded that this assertion has merit. However, this issue can perhaps be resolved through further conference between the parties. Accordingly,

**IT IS HEREBY ORDERED** that the Government's Emergency Motion to Compel (#64) is **granted** as follows:

1. Pursuant to Rule 16(b)(1)(A) of the Federal Rules of Criminal Procedure, Defendant Larkin is ordered to disclose to the Government the items of evidence that Defendant intends to use in her case-in-chief at trial, which includes items of evidence that Defendant intends to use to support her defense during her examination of the Government witnesses, as well as evidence the Defendant intends to present after the Government rests its case. However, Defendant is not required to disclose evidence that she intends to use only for impeachment purposes.

2. If the parties are unable to resolve the dispute relating to Defendant's assertion that she cannot determine what evidence she intends to use in her case-in-chief until the Government

. . .

. . .

. . .

specifically identifies the evidence it intends to use in its case-in-chief, then the parties may further submit this issue to the Court by supplemental briefs or a written request for further hearing.

DATED this 17th day of July, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge