UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff(s),<br><br>     v.<br><br>MARIA LARKIN,<br><br>                                    Defendant(s). | Case No. 2:12-CR-319 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant's motion to reconsider this court's ruling on two motions *in limine*. (Doc. # 100). The government filed a response (doc. #104), and the defendant filed a reply. (Doc. #107).

**I.    Relevant Background**

The facts of the instant case are familiar to this court and the parties. Based upon a series of cash deposits make into her personal bank account from January 2011 to May 2011, the government filed a superseding criminal indictment charging defendant with (1) structuring transactions to evade reporting requirements, and (2) willfully attempting to evade paying taxes through her alleged structuring and other economic activity. (Doc. # 46).

On June 5, 2015, this court issued an order (doc. #83) granting the government's motions *in limine* (docs. #62, 66) seeking to: (1) exclude the testimony of four proposed defense expert witnesses; and (2) preclude the defendant from questioning witnesses about, or mentioning, suspicious activity reports (SARs). Defendant filed the instant motion to reconsider that order. (Doc. #100).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The Federal Rules of Criminal Procedure make no specific provision for motions for reconsideration of a motion to exclude evidence. However, generally, a motion for reconsideration may be brought under Rule 59(e). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Furthermore, a motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters*, 229 F.3d at 890; *see also United States v. Ward*, Case No. 2:14-cr-00306-LDG-NJK, 2015 U.S. Dist. LEXIS 47103, 10-11 (D. Nev. 2015) (Koppe, M.J.) (applying these civil reconsideration standards to a criminal case).

## III. Discussion

This court granted both of the government's motions *in limine* (docs. #62, 66), which sought to 1) exclude the testimony of four proposed defense expert witnesses, and 2) preclude the defendant from questioning witnesses about, or mentioning, suspicious activity reports.

With respect to the motion to exclude four of defendant's witnesses, the court first found that Dr. Hunter's expert testimony regarding defendant's purported gambling disorder does not tend to make a fact of consequence more or less probable in this case. Second, the court precluded Mr. Rosten's testimony because he lacks the personal knowledge regarding whether defendant

**James C. Mahan**
**U.S. District Judge**

- 2 -

intended to evade payment. Mr. Rosten's testimony as to transfers between defendant's accounts and those of her companies does not appear to be relevant to the instant charges.

Third, the court found that Palace Station's marketing practices, and the extent to which this business profited from defendant's gambling activity, is completely irrelevant to the charges against defendant for structuring and evasion of payment. Finally, the court determined that Mr. Flakus's testimony that defendant desired or attempted to pay her employment taxes would be improper because Mr. Flakus lacks personal knowledge of defendant's mental state. Further, the extent of defendant's debt to the IRS is not relevant to whether she evaded payment of taxes or abided by any relevant reporting requirements. Additionally, expert testimony regarding defendant's offer in compromise with the government would be improper. These negotiations are irrelevant to defendant's tax liability, and the proposed testimony about the remedies available to defendant is therefore properly excluded.

The court granted the defendant's second motion *in limine* finding that that the minimal probative value of mentioning SARs would be substantially outweighed by the risks of unfair prejudice, misleading the jury, and wasting time. *See* Fed. R. Evid. 403. Furthermore, the government stated that any exculpatory or relevant evidence contained in these reports has already been provided to defendant. (Doc. #66).

Defendant seeks reconsideration of her motion because defense counsel did not file a response to the motions *in limine* in a timely manner. Counsel tries to skirt blame by claiming that "the trial date was continued after the government filed the motions in limine, but before Ms. Larkin's response to these motions were due" suggesting that a routine order to continue somehow exempted counsel from responding to a clear deadline in a timely manner.

It is incomprehensible that continuing a trial date would somehow impact response deadlines. Obviously, it does not. The defendant's response to the first motion *in limine* (doc. #62) was due on April 4, 2015, and response to the second motion was due on April 11, 2015. (Doc. #66). The court even gave defense counsel two additional months to file any sort of response before ruling on these motions *in limine* on June 5, 2015. (Doc. #83).

**James C. Mahan**
**U.S. District Judge**

Despite defense counsel's glaring oversight, this court gave Ms. Larkin full and fair consideration when evaluating whether to grant or deny the government's motions *in limine*. Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). This court's ten-page order (doc. #83) thoughtfully addressed each aspect of the motions *in limine*.

Upon review of arguments laid out in defendant's motion for reconsideration, the court's findings do not change. The court is not persuaded that the defense witnesses proffer relevant testimony and the court did not err when it determined that SARs are not subject to disclosure.

The court does not find that a grant of reconsideration is warranted as defendant presents no newly discovered evidence and makes no showing of clear error or changes in controlling law. Of course, decisions on "in limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). The defendant always has the option to raise her concerns again at trial.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for reconsideration, (doc. # 100), be, and the same hereby is, DENIED.

DATED January 13, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -