**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                              )<br>                        Plaintiff,              )<br>                                                              )<br>vs.                                                       )<br>                                                              )<br>                                                              )<br>MARIA LARKIN,                                  )<br>                                                              )<br>                        Defendant.          )<br>_____) | Case No.: 2:12-CR-319-JCM-GWF<br><br>**FINDINGS &**<br>**RECOMMENDATIONS**<br><br>**Re:  Motion to Dismiss (ECF No. 146)** |

This matter is before the Court on Defendant Maria Larkin's Motion to Dismiss (ECF No. 146), filed on December 22, 2016.  The Government filed its Opposition (ECF No. 151) on January 5, 2017, and Defendant filed her Reply (ECF No. 153) on January 12, 2016.  The Court conducted a hearing in this matter on January 20, 2017.

## BACKGROUND

Defendant Maria Larkin moves for dismissal of the indictment based on the alleged violation of her Sixth Amendment right to a speedy trial.  Defendant also moves for dismissal pursuant to Rule 48(b)(3) of the Federal Rules of Criminal Procedure, and pursuant to her Fifth Amendment right to due process of law.

The original indictment was filed on September 4, 2012.  *Indictment* (ECF No. 1).  It charged Defendant with structuring transactions to evade reporting requirements in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1) and (2) and 31 C.F.R. § 103.11.  The alleged structuring transactions took place from January 10, 2011 through May 19, 2011.  The Government filed a superceding indictment on August 6, 2014 which also charged Defendant with structuring transactions to evade reporting

requirements, and added a charge of "evasion of payment" in violation of 21 U.S.C. § 7201. *Superceding Indictment* (ECF No. 46). The Government filed a second superceding indictment on November 16, 2016 which eliminated the charge of structuring transactions to evade reporting requirements and recast the charge under 21 U.S.C. § 7201, which it now titled as "Tax Evasion." *Second Superceding Indictment* (ECF No. 135). The second superceding indictment alleges that Defendant Larkin willfully attempted to evade and defeat the payment of Trust Fund Recovery Penalties by concealing and attempting to conceal her access to personal funds and assets from the IRS through acts, including, but not limited to the following:

  a. Engaging in currency transactions with financial institutions in amounts less than $10,000 to prevent financial institutions from filing currency transaction reports disclosing that she had possession of substantial amounts of currency;

  b. Purchasing a home in the name of a nominee;

  c. Dealing extensively in cash, including causing checks to be drawn on a business bank account payable to certain individuals and directing those individuals to cash the checks and deliver the funds to her;

  d. Changing the name of FSHHC to Five Star Healthcare, LLC;

  e. Putting Five Star Healthcare, LLC in the name of a nominee; and

  f. Providing false information to the IRS regarding FSHHC's ability to pay Trust Fund Taxes and her ability to pay Trust Fund Recovery Penalties.

*Id.* at ¶ 15.

Trial in this case is presently set for March 13, 2017—four years and six months from the date the original indictment was filed. Ms. Larkin was arraigned on the original indictment on October 5, 2012, at which time trial was set for December 3, 2012. *Minutes of Proceedings* (ECF No. 9). The parties thereafter entered into numerous stipulations to continue the trial date which were granted by the Court. In one instance, the Court granted the Government's motion to continue over Defendant's opposition. The trial continuances and the reasons therefore are summarized as follows:

On November 7, 2012, the parties filed the first stipulation to continue the motions deadlines and trial date. *Stipulation to Continue* (ECF No. 13). The stipulation stated that Defendant was provided with discovery on October 15, 2012 and needed additional time to conduct her investigation to determine if there were any pretrial issues that must be litigated. *Id.* at pg. 2. The Court granted the

continuance on November 9, 2012 and trial was rescheduled for February 11, 2013. *Order* (ECF No. 15). On January 3, 2013, the parties filed the second stipulation to continue motions deadlines and trial date. *Stipulation to Continue* (ECF No. 16). The grounds for the continuance were the same as those set forth in the first stipulation. The Court granted the continuance on January 7, 2013 and trial was rescheduled for April 22, 2013. *Order* (ECF No. 17). On March 26, 2013, the parties filed the third stipulation to continue motions deadlines and the trial date. *Stipulation to Continue* (ECF No. 24). The stipulation stated that Defendant's counsel needed additional time to complete her investigation and to file appropriate pretrial motions. *Id.* at pg 2. The Court granted the continuance on March 28, 2013 and trial was rescheduled for June 3, 2013. *Order* (ECF No. 25).

On May 20, 2013, the parties filed the fourth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 27). The stipulation stated that Defendant's counsel needed additional time to complete her investigation and review discovery. Defendant's counsel was also scheduled to be in trial in another case commencing on May 29, 2013 and needed to prepare for that trial. *Id.* at pg. 1. The Court granted the continuance on May 22, 2013 and trial was rescheduled for September 9, 2013. *Order* (ECF No. 28).

On September 3, 2013, the parties filed the fifth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 30). The parties indicated that they were in negotiations and needed additional time to complete their negotiations. *Id.* at pg. 2. The Court granted the continuance on September 4, 2013 and trial was rescheduled for December 16, 2013. *Order* (ECF No. 31). On December 10, 2013, the parties filed the sixth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 33). The parties again stated that they needed additional time to complete negotiations *Id.* at pg. 2. The Court granted the continuance on December 10, 2013 and trial was rescheduled for March 17, 2014. *Order* (ECF No. 34). On March 7, 2014, the parties filed the seventh stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 37). The parties again stated that they needed additional time to complete negotiations *Id.* at pg. 2. The Court granted the continuance on March 11, 2014 and trial was rescheduled for April 28, 2014. *Order* (ECF No. 38). On April 23, 2014, the parties filed the eighth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 40). The stipulation stated that the parties were engaged in negotiations and needed additional time to come to an agreement. *Id.* at pg.

3

1. The Court granted the continuance on April 24, 2014 and trial was rescheduled for June 16, 2014. *Order* (ECF No. 41).

On June 10, 2014, the parties filed the ninth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 43). The stipulation stated that Defendant's counsel had just finished a three week trial in one case and had a trial in another case scheduled to begin on June 16, 2014. The parties were also still engaged in negotiations and needed additional time to come to an agreement. *Id.* at pgs 1-2. The Court granted the continuance on June 10, 2014 and trial was rescheduled for August 25, 2014. *Order* (ECF No. 44).

On August 6, 2014, the Government filed the first superceding indictment. Defendant was arraigned on August 14, 2014 and trial was reset for September 15, 2014. *Minutes of Proceedings* (ECF No. 51). On September 9, 2014, the parties filed the tenth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 52). The stipulation stated that the first superceding indictment added substantive counts and that additional discovery had been provided which Defendant's counsel needed time to review. *Id.* at pg. 1. The Court granted the continuance on September 9, 2014 and trial was rescheduled for January 26, 2015. *Order* (ECF No. 53). On January 14, 2015, the parties filed the eleventh stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 56). The stipulation stated that the Government had filed the first superceding indictment in August 2014, which added new and unrelated charges. It further stated that in mid-November 2014, the Government supplied additional discovery in excess of 10,000 pages, including financial records. Because of this new discovery, Defendant was seeking an expert to assist in the analysis. *Id.* at pg. 1. The Court granted the continuance on January 20, 2015 and trial was rescheduled for March 30, 2015. *Order* (ECF No. 57).

On March 20, 2015, the Government filed an emergency motion to compel Defendant to provide reciprocal discovery. *Motion to Compel* (ECF No. 64). The Court set the motion for hearing on March 26, 2015. *Minute Order in Chambers* (ECF No. 65). On March 25, 2015, the parties appeared before the Court for calendar call. The Court noted that there was an unresolved discovery dispute pending before the court. The parties stated that the case would require seven to ten days to try. The Court stated that the next feasible trial date was June 15, 2015 and continued trial to that date. *Order* (ECF No. 74).

On March 25, 2015, the parties stipulated to continue the hearing on the motion to compel for

sixty days. They stated that they were attempting to work out the issues and there was no necessity for a hearing at that time. *Stipulation to Continue Motion Hearing* (ECF No. 73). The Court reset the motion hearing for May 29, 2015. *Order* (ECF No. 75). The parties were not able to resolve their differences and the Court conducted a hearing on the motion to compel on May 29, 2015. The Court directed Defendant to file a written response to the motion in two weeks and ordered that the Government file its reply one week thereafter. *Minutes of Proceedings* (ECF No. 80).

On May 29, 2015, the parties filed the twelfth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 81). The stipulation stated that an essential defense witness, who lived out of state, was 8 months pregnant and could not travel to Las Vegas for trial. It was anticipated that the witness would not be available to testify until at least late November 2015. *Id.* at pg. 1. The Court granted the continuance on June 2, 2015 and trial was rescheduled for December 14, 2015. *Order* (ECF No. 82).

On July 20, 2015, the Court granted the Government's motion to compel reciprocal discovery by ordering Defendant to disclose the evidence she intends to use in her case-in-chief at trial. The Court stated, however, that Defendant was not required to disclose evidence that she intends to use solely for impeachment purposes. *Order* (ECF No. 97).

On October 1, 2015, Defendant filed a motion to compel the Government to produce documents that it claimed were confidential and nondiscoverable. *Motion to Compel* (ECF No. 101). The Government filed its response on October 19, 2015. *Response* (ECF No. 103). On October 27, 2015, the parties filed the thirteenth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 105). The stipulation stated that Defendant needed additional time to file replies to pending motions and to prepare for trial. The stipulation also stated that counsel for the Government was scheduled to be in trial in another case commencing on November 30, 2015. *Id.* at pgs 1-2. The Court granted the continuance on October 28, 2015 and trial was rescheduled for February 8, 2016. *Order* (ECF No. 106). On November 9, 2015, the Court denied Defendant's motion to compel. *Minutes of Proceedings* (ECF No. 109).

On January 12, 2016, the parties filed the fourteenth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 113). The stipulation stated that Defendant's motion for reconsideration of the Court's order excluding Defendant's proposed expert witnesses was still pending

and needed to be resolved prior to trial. It also stated that one of the Government's trial attorneys was scheduled to be out of the district between February 9-11, 2016, and the other trial counsel was scheduled to be in trial during the preceding week. *Id.* at pgs. 1-2. The Court granted the continuance on January 13, 2016 and trial was rescheduled for March 7, 2016. *Order* (ECF No. 115). The Court noted that this was the fourteenth request to continue trial and stated that no further continuances would be granted absent the filing of a motion for good cause and a hearing. *Id.* at pg. 4. On February 8, 2016, the parties filed the fifteenth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 116). The stipulation stated that two of Defendant's trial attorneys had scheduled vacations out of the country during the time that trial was now scheduled. These vacations were planned and paid for prior to the order continuing trial to March 7, 2016. *Id.* at pgs 1-2. The Court granted the continuance on February 10, 2016 and trial was rescheduled for May 16, 2016. *Order* (ECF No. 117). The Court again stated that no further continuances would be granted absent the filing of a motion for good cause and hearing. *Id.* at pg. 4.

On April 13, 2016, the Government filed a motion to continue the trial date. *Motion to Continue* (ECF No. 119). The Government requested a 75 day continuance because its case agent, whom it stated was an essential witness, had given birth on April 2, 2016 and would be on maternity leave for three months. *Id.* at pg. 1. Defendant opposed the continuance on the grounds that the Government's current case agent was not an essential witness, and that the previous case agent who conducted the investigation and testified before the grand jury would be the Government's trial witness. *Response* (ECF No. 120), pg. 2. In its reply, the Government stated that it expected the previous case agent to testify at trial, but that the current case agent was essential to trial preparation. *Reply* (ECF No. 122). On April 27, 2016, the Court found that the Government's motion for continuance due to the unavailability of its case agent was supported by good case. The Court therefore granted the motion and rescheduled trial for October 3, 2016. *Order* (ECF No. 124).

On September 6, 2016, the parties filed the sixteenth stipulation to continue the trial date. *Stipulation to Continue* (ECF No. 127). The stipulation stated that Government's counsel was scheduled to be in a 4-6 week trial in another case beginning on September 12, 2016. Defendant's counsel was also expected to be out of the office from October 3-10, 2016. *Id.* at pg. 2. The Court granted the

6

continuance on September 7, 2016 and trial was rescheduled for January 9, 2017. *Order* (ECF No. 128).

On November 16, 2016, the Government filed the second superceding indictment. On November 30, 2016, Defendant filed a motion to continue the trial date. *Motion to Continue* (ECF No. 140). Defendant noted that the second superceding indictment alleged one count of tax evasion under 26 U.S.C. § 7201, and omitted the count for structuring transactions to avoid reporting requirements. Defendant stated that the second superceding indictment contained new allegations relating to the tax evasion charge which required additional time to prepare for trial. The Government did not oppose the continuance, but requested that trial not be continued more than 60 days from its current setting. *Response* (ECF No. 141). The Court granted the motion to continue on December 16, 2016 and rescheduled trial for March 13, 2017. *Order* (ECF No. 142).

## DISCUSSION

### 1. Alleged Violation of Defendant's Sixth Amendment Right to a Speedy Trial.

The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The alleged violation of a defendant's Sixth Amendment right is evaluated under a balancing test which considers the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant resulting from the delay. *United States v. Alexander*, 817 F.3d 178, 1181 (9th Cir. 2016); *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972)). The four factors are related and must be considered together with such other circumstances as may be relevant. *Gregory*, 322 F.3d at 1161 (quoting *United States v. Tank Huu Lam*, 251 F.3d 852, 855–56 (9th Cir. 2001)).

The length of the delay is a threshold factor. The delay must have been sufficiently lengthy, and therefore presumptively prejudicial, to trigger examination of the other factors. *Alexander*, 817 F.3d at 1181 (citing *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)). Delays approaching one year are generally considered presumptively prejudicial. *Id.* (citing *United States v. Gregory*, 322 F.3d at 1161–62). *See also United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (citing *Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 2691 n. 1 (1992)). If the threshold showing is made, then the court considers the extent to which the delay exceeds the threshold

point in light of the degree of diligence by the government and acquiescence by the defendant to determine whether sufficient prejudice exists to warrant relief. *Beamon*, 992 F.2d at 1012 (citing *Doggett*, 505 U.S. at 657, 112 S.Ct. at 2693–94). The delay in this case is well in excess of the period of delay that gives rise to a presumption of prejudice. The Court is therefore required to consider all of the factors under the balancing test to determine whether Defendant's right to a speedy trial has been violated.

The second factor considers the reasons for the delay. The reason for delay is closely associated with the length of the delay. Different weights should be assigned to different reasons for delay. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily, but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192.

The four and one half years of delay in this case is attributable to different causes. The initial period of delay from the filing of the indictment on September 4, 2012 through the trial date of August 25, 2014 was due to Defendant's need for additional time to investigate, review discovery and prepare pretrial motions, and the parties' ongoing negotiations and requests for additional time to reach an agreement— which ultimately was not achieved.[1] This initial two (2) year period delay was not caused by the Government, or did not result from any misconduct or fault by the Government. There is no allegation, for example, that the Government unreasonably delayed providing discovery during this period or engaged in unreasonable conduct with respect to the negotiations with the Defendant.

The second period of delay resulted from the filing of the first superceding indictment on August 6, 2014 which added the tax evasion count under 26 U.S.C. § 7201. This caused an initial postponement of the trial from August 25, 2014 to September 15, 2014. Defendant's need to review the new charges resulted in a further trial postponement to January 26, 2015. After the Government produced in excess of 10,000 pages of discovery in November 2014, the trial was postponed to March 30, 2015 so that

---

[1] Unless stated otherwise, the Court relies on the parties' representations in their stipulations to continue the trial date which were accepted by the Court and granted on that basis.

Defendant could review the voluminous additional discovery and obtain the assistance of an expert to analyze it. The Government bears responsibility for this seven (7) month period of delay resulting from the filing of new charges and the production of substantial discovery. The record does not indicate, however, that the Government acted unreasonably in bringing the tax evasion charge approximately 23 months after the initial indictment was filed, or that it was unnecessarily dilatory in providing discovery relating to those new charges.

The third period of delay resulted from the filing of the Government's motion to compel reciprocal discovery shortly before the March 30, 2015 trial date. It is not clear that a continuance of the trial date was required as a result of this motion. The Court, however, noted the need for additional time to decide the motion and continued the trial to June 15, 2015. Neither party objected to the continuance. The Court's subsequent decision on the motion did not establish that the Government's legal position was incorrect or was not supported by a reasonable basis in fact and law. As discussed in the Court's order, there is conflicting case law as to what constitutes a defendant's "case-in-chief" for purposes of Rule 16(b)(1)(A)(ii). Based on its interpretation of that term, the Court granted the Government's motion, but also held that Defendant is not required to disclose evidence that she intends to use solely for impeachment. *Order* (ECF No. 97). The Government and/or the Court are responsible for the two and one half (2.5) months period of trial delay caused by the filing of this motion. Neither the Government nor the Court, however, acted unreasonably with respect to this delay.

The fourth period of trial delay from June 15, 2015 to December 14, 2015 resulted from the unavailability of an essential defense witness who was not available to testify until late November 2015. *See Stipulation to Continue* (ECF No. 81). Neither the Government or the Court were responsible for this six (6) month period of delay.

The fifth period of trial delay from December 14, 2015 to May 16, 2016 was caused by a combination of factors: (1) the filing of Defendant's motion to compel production of documents, which was later denied; (2) trial conflicts of Government's counsel and Government's counsel being out of the district for a few days, and (3) Defendant's counsel's prepaid vacations conflicting with the March 7, 2016 trial date. Both sides were responsible for portions of this five (5) month period of delay. Neither party appears to have acted unreasonably or negligently with respect to the need for the continuances.

The sixth period of trial delay from May 16, 2016 to October 3, 2016 resulted from the Government's motion to continue the trial date based on the unavailability of its case agent who had given birth and was expected to be on maternity leave for three months. Although the Government requested only a 75 day continuance of the trial date, Defendant's counsel stated that she was not available to try the case in August 2016. *Response* (ECF No. 120), pg. 3. The Court continued the trial to October 3, 2016. The Government is responsible for this approximately four and one half (4.5) month period of delay. The Court found, however, that the Government's motion for continuance was supported by good cause. *Order* (ECF No. 124). Although the Defendant argues that the unavailability of the case agent was not a legitimate reason to grant a continuance, the District Judge found otherwise, and this Court finds no reason in the record to find otherwise.

The seventh period of delay from October 3, 2016 to January 9, 2017 resulted from the parties' stipulation to continue the trial date primarily because the Government's counsel was in trial in another case that began on September 12, 2016. The Government is responsible for this three (3) month period of delay. There is no indication, however, that the Government was negligent or otherwise at fault for this continuance. The final period of delay from January 9, 2017 to the current trial date of March 13, 2017 resulted from the filing of the second superceding indictment on November 16, 2016. Defendant states that the second superceding indictment contains new allegations relating to tax evasion which required additional time to prepare. The "new information" appears to consist primarily of the allegation that Defendant provided false information to the IRS regarding FSHHC's ability to pay Trust Fund Taxes and her ability to pay Trust Fund Recovery Penalties. The Government is responsible for this additional three (3) month period of delay. It is questionable, however, whether the Government substantially changed or added to the factual basis for its case against Defendant. Instead, it chose to proceed solely on a charge of tax evasion which included the structuring of financial transactions as one of the acts of tax evasion.

Based on the foregoing, Defendant is primarily responsible for 30 months of the delay, which includes the initial period two year period during which Defendant was preparing her defense and the parties were engaged in negotiations, plus the 6 month delay caused by the unavailability of an essential defense witness. The Government is primarily responsible for 20 months of the delay, which is attributable to the filing of the first superceding and second superceding indictments, providing additional

discovery, unavailability of Government counsel due to other trials, and the unavailability of the Government's case agent. The parties share roughly equal responsibility for the remaining period of delay. The record does not establish that the Government was guilty of bad faith or negligence with respect to the periods of delay for which it is responsible. Thus, while the overall length of delay weighs in favor of the Defendant, the delay caused by the Government was approximately only one year and ten months and there is no showing that this delay resulted from the Government's bad faith or negligence.

The third *Barker* factor considers the defendant's assertion of his right to a speedy trial. Whether and how a defendant asserts his right is closely related to the other factors. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. "The strength of [defendant's] efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.*, 407 U.S. at 531–32, 92 S.Ct. at 2192–93.

Defendant Larkin stipulated to the first fifteen continuances of the trial date, which were granted by the Court with the appropriate findings required by the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). These stipulations affirmatively represented that Defendant did not object to the requested continuances. Defendant first objected to a continuance of the trial date after the Government filed its motion to continue on April 13, 2016— three years and seven months after the original indictment was filed. The Court recognizes that Defendant stipulated to continuances of the trial after the filing of the superceding indictments in August 2014 and November 2016, and that these continuances were necessitated by Defendant's need to investigate the new or additional charges, and to review the discovery that was produced after those indictments were filed. The filing of new charges and production of additional discovery present a defendant with a Hobson's choice with respect to her speedy trial rights. Nonetheless, Defendant did not specifically invoke her right to a speedy trial until April 2016 when she opposed the Government's motion to continue. Therefore, the third factor does not weigh significantly in Defendant's favor because all of the trial continuance in this case, save and except one, were stipulated to

by her.

The fourth factor considers the actual prejudice suffered by the Defendant as a result of the delay. Prejudice is assessed in light of the interests of the defendant which the speedy trial right was designed to protect. The Supreme Court has identified three such interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. "Of these, the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory however, is not always reflected in the record because what has been forgotten can rarely be shown." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193.

Although a finding of actual prejudice is generally required, prolonged delay of several years caused by the Government's negligence or inaction can result in a violation of the defendant's Sixth Amendment right even if the defendant cannot specifically show that her defense has been actually prejudiced. *Doggett v. United States*, 505 U.S. at 656-658, 112 S.Ct. at 2693-94. The delay of four and one half years in this case, of which the Government is primarily responsible for 20 months, is not so long as to support the finding of a Sixth Amendment violation in the absence of proof of actual prejudice.

Defendant Larkin has not shown that she has suffered actual prejudice through loss of witness testimony or other evidence as a result of the delay in this case. During the January 20, 2017 hearing, Defendant's counsel argued that the Government had recently produced additional discovery that contains both inculpatory and exculpatory information. Defendant argued that if this case had proceeded to trial in December 2016, she would have been prejudiced by the Government failure to timely disclose this evidence. Even assuming that Government was negligent in failing to timely disclose this evidence, the trial had already been continued to March 2017 before Defendant received the supplemental discovery. There is no indication that Defendant's ability to defend this case at trial in March 2017 has been prejudiced by the late disclosure of this evidence. The situation would be different if the Government delayed producing material exculpatory evidence until the eve of or during trial, thereby prejudicing the Defendant's ability to adequately defend. *See United States v. Chapman*, 524 F.3d 1073 (9th Cir. 2008).

As to the other types of prejudice identified in *Barker*, Defendant Larkin has not been subject to

pretrial detention. She presumably has experienced anxiety and concern about the criminal charges that hang over her. Because Defendant bears responsibility for a substantial portion of the pretrial delay in this case and agreed to the great majority of the continuances, and because the Government has not been guilty of bad faith or negligence, the prejudice suffered by the Defendant in the form or anxiety or concern, does not support a finding that her Sixth Amendment speedy trial right has been violated.

### 2. Dismissal Pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure.

Rule 48(b) of the Federal Rules of Criminal Procedure states that the court may dismiss an indictment, information or complaint if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial. The rule protects against both unreasonable pre-indictment and post-indictment delay. *United States v. Hayden*, 860 F.2d 1483, 1485 (9th Cir. 1988). The rule, however, is limited to post-arrest situations. *Id.* at 1485 (citing *United States v. Marion*, 404 U.S. at 319, 92 S.Ct. at 462–63).

The court may dismiss pursuant to Rule 48(b) whether or not there has been a violation of defendant's Sixth Amendment right. *United States v. Simmons*, 536 F.2d 827, 833–34 (9th Cir. 1976). Dismissal with prejudice under Rule 48(b) should only be imposed in extreme circumstances and must be exercised with caution and only after the Government has been forewarned that dismissal with prejudice is possible. *Id.* at 834; *see also United States v. Hutchison*, 22 F.3d 846, 850 (9th Cir. 1993). The caution element requires a finding of prosecutorial misconduct and demonstrable prejudice or substantial evidence of prejudice to the defendant. *United States v. Gilbert*, 813 F.2d 1523, 1531 (9th Cir. 1987) (citing *United States v. Hattrup*, 763 F.2d 376, 377–78 (9th Cir. 1985)). In general, dismissal under Rule 48(b) is appropriate only where there is "delay that is 'purposeful and oppressive.'" *United States v. Sears, Roebuck and Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989). In *United States v. Towill*, 548 F.2d 1363, 1370 (9th Cir. 1977), the court upheld dismissal based on a finding of government harassment. In *United States v. Talbot*, 51 F.3d 183, 187 (9th Cir. 1995), the court reversed dismissal on the grounds that the government filed an additional charge "too close" to trial. Forewarning may include a court rule that provides that an indictment may be dismissed with prejudice if a defendant is not brought to trial within a specified time period. *Simmons*, 536 F.2d at 836–37. Forewarning could also involve a situation in which the court warns the government that no further continuance will be granted and that the indictment

may be dismissed with prejudice if the government is not ready to proceed on the date set for trial.

Dismissal pursuant to Rule 48(b) is not warranted in this case. First, for the reasons already stated, the record does not support a finding of prosecutorial misconduct and demonstrable prejudice or substantial evidence of prejudice to Defendant Larkin. Second, the Court did not forewarn the Government that dismissal of the indictment in this case was a possibility if it was not ready to proceed at the next trial setting.

### 3. Dismissal Based on Violation of Defendant's Fifth Amendment Right to Due Process of Law.

Defendant also briefly argues that her Fifth Amendment right to substantive and procedural due process of law has been violated by the Government's conduct in twice changing its theory of the case and in forcing continuances that never should have occurred. Defendant does not cite any case law regarding dismissal of an indictment for these reasons. To the extent that Defendant is attempting to assert a claim of vindictive prosecution, it is not adequately articulated or developed. As stated in *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 1486 (1996), "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute and what charges to file or bring before a grand jury, generally rests entirely in his discretion." (internal quotation marks and citation omitted). A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. The defendant may establish vindictive prosecution by (1) producing direct evidence of the prosecutor's vindictive motive, or (2) by showing that the circumstances establish a reasonable likelihood of vindictiveness, thus giving rise to a presumption that the government must rebut. *United States v. Kent*, 633 F.3d 920, 926 (9th Cir. 2011). The presumption does not arise, however, where the prosecutor adds charges prior to trial. Nor does the presumption arise when the prosecutor files additional charges against the defendant after unsuccessful plea negotiations. *Id.* at 926-27.

The record in this case indicates that the parties engaged in plea negotiations from approximately September 2013 until some time after June 10, 2014. After the parties' negotiations ended, the Government filed the first superceding indictment on August 6, 2014 which added the tax evasion charge under 21 U.S.C. § 7201. Defendant did not file any motion at that time asserting that the filing of the tax

evasion charge was vindictive or designed only to delay trial. The second superceding indictment filed in November 2016 eliminated the count charging Defendant with the structuring of financial transactions. (This conduct was incorporated into the tax evasion charge.) As a result, the Defendant faces less charges than she did under the preceding indictment. Although the second superceding indictment may be based on some conduct that was not included in the preceding tax evasion charge, Defendant has not shown prejudice as result of this amendment. Defendant has therefore failed to demonstrate a violation of her substantive or procedural due process rights.

## CONCLUSION

Based on an evaluation of the relevant factors, the pretrial delay in this case has not resulted in a violation of Defendant Larkin's Sixth Amendment right to a speedy trial. Dismissal of the indictment is also not warranted pursuant to Rule 48(b)(3) of the Federal Rules of Criminal Procedure, or based on a violation of Defendant's Fifth Amendment right to substantive or procedural due process of law. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 146) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of February, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge