1
2
3
4
UNITED STATES DISTRICT COURT
5
DISTRICT OF NEVADA
6
* * *
7
UNITED STATES OF AMERICA,

Case No. 2:12-CR-319 JCM (GWF)
8
Plaintiff(s),

ORDER
9
v.
10
MARIA LARKIN,
11
Defendant(s).
12
13
Presently before the court is Magistrate Judge Foley's report and recommendation
14
("R&R"), recommending that defendant Maria Larkin's motion to dismiss (ECF No. 146) the
15
second superseding indictment (ECF No. 135) be denied.  (ECF No. 167).  Defendant filed an
16
objection (ECF No. 176), to which the government responded (ECF No. 193).
17
I.      Facts & Background
18
        A.  Indictments & Continuances
19
        Three indictments have been filed: an original indictment (ECF No. 1); a superseding
20
indictment (ECF No. 46); and a second superseding indictment (ECF No. 135).
21
        On September 4, 2012, the original indictment was filed charging defendant with
22
structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3) and
23
(d)(1)–(2) and 31 C.F.R. § 103.11.  (ECF No. 1).  Defendant was arraigned on the original
24
indictment on October 5, 2012, at which time trial was set for December 3, 2012.  (ECF No. 9).
25
        Between the filing of the original indictment and the filing of the superseding indictment,
26
the parties filed nine stipulations to continue the trial date:
27
    •   stipulation to continue trial (1st) filed on November 7, 2012, stating defendant needed
        additional time to conduct her investigation to determine if any pretrial issues existed that
28

James C. Mahan
U.S. District Judge

needed to be litigated (ECF No. 13), which the court granted on November 9, 2012, resetting trial for February 11, 2013 (ECF No. 15);

- stipulation to continue trial (2nd) filed on January 3, 2012, stating the same grounds as set forth in their first stipulation, which the court granted on January 7, 2013, resetting trial for April 22, 2013 (ECF No. 17);

- stipulation to continue trial (3rd) filed on March 26, 2013, stating that defense counsel needed additional time to complete her investigation and to file appropriate pretrial motions (ECF No. 24), which the court granted on March 28, 2013, resetting trial for June 3, 2013 (ECF No. 25);

- stipulation to continue trial (4th) filed on May 20, 2013, stating that defense counsel needed additional time to complete her investigation and review discovery and that defense counsel needed to prepare for trial in another case to begin May 29, 2013 (ECF No. 27), which the court granted on May 22, 2013, resetting trial for September 9, 2013 (ECF No. 28);

- stipulation to continue trial (5th) filed on September 3, 2013, stating that the parties were negotiating and needed additional time to complete their negotiations (ECF No. 30), which the court granted on September 4, 2013, resetting trial for December 16, 2013 (ECF No. 31);

- stipulation to continue trial (6th) filed on December 10, 2013, stating that the parties needed additional time to complete negotiations (ECF No. 33), which the court granted on December 10, 2013, resetting trial for March 17, 2014 (ECF No. 34);

- stipulation to continue trial (7th) filed on March 7, 2014, stating that the parties needed additional time to complete negotiations (ECF No. 37), which the court granted on March 11, 2014, resetting trial for April 28, 2014 (ECF No. 38);

- stipulation to continue trial (8th) filed on April 23, 2014, stating that the parties were in negotiations and needed additional time to come to an agreement (ECF No. 40), which the court granted on April 24, 2014, resetting trial for June 16, 2014 (ECF No. 41); and

- stipulation to continue trial (9th) filed on June 10, 2014, stating that the parties were still in negotiations and needed additional time to come to an agreement and that defense counsel had just finished a three-week trial in another case and had another trial scheduled to start June 16, 2014 (ECF No. 43), which the court granted on June 10, 2014, resetting trial for August 25, 2014 (ECF No. 44).

On August 6, 2014, the government filed a superseding indictment, which added a charge of evasion of payment in violation of 21 U.S.C. § 7201.  (ECF No. 46).  On August 14, 2014, defendant was arraigned and trial was reset for September 15, 2014.  (ECF No. 51).

Between the filing of the superseding indictment and the filing of the second superseding indictment, the parties filed six more stipulations to continue the trial date, as well as two motions to compel:

- stipulation to continue trial (10th) filed on September 9, 2014, stating that the superseding indictment added substantive counts and that defense counsel needed to review the additional discovery provided by the government (ECF No. 52), which the court granted on September 9, 2014, resetting trial for January 26, 2015 (ECF No. 53);

- stipulation to continue trial (11th) filed on January 14, 2015, stating that additional time was needed because defendant was seeking an expert to assist in the analysis of the 10,000 plus pages of additional discovery provided by the government in mid-November 2014 (ECF No. 56), which the court granted on January 20, 2015, resetting trial for March 30, 2015 (ECF No. 57);

- emergency motion to compel reciprocal discovery filed on March 20, 2015 by the government (ECF No. 64), which the court granted on July 20, 2015, ordering defendant

James C. Mahan
U.S. District Judge

- 2 -

to disclose the evidence she intended to use in her case-in-chief, except for impeachment evidence (ECF No. 97);[1]

- calendar call on March 25, 2015, during which the court noted the pending discovery motion and reset trial for June 15, 2015, based on the court's calendar and the parties' estimate that seven to ten days was needed (ECF No. 74);

- stipulation to continue trial (12th) filed on May 29, 2015, stating that an essential out-of-state defense witness was eight months pregnant and unable to travel to Las Vegas for trial until at least late November 2015 (ECF No. 81), which the court granted no June 2, 2015, resetting trial for December 14, 2015 (ECF No. 82);

- motion to compel the government to produce allegedly confidential and nondiscoverable documents filed on October 1, 2015 (ECF No. 101), which the court denied on November 9, 2015 (ECF No. 109);

- stipulation to continue trial (13th) filed on October 27, 2015, stating that defendant needed additional time to file replies to pending motions and to prepare for trial and that the government had trial in another case set to begin November 30, 2015 (ECF No. 105), which the court granted on October 28, 2015, resetting trial for February 8, 2016 (ECF No. 106);

- stipulation to continue trial (14th) filed on January 12, 2016, stating that defendant's motion for reconsideration of the court's order excluding defendant's proposed expert witness was pending and needed to be resolve prior to trial and that the government's two trial attorneys were unavailable during the preceding week (ECF No. 113), which the court granted on January 13, 2016, resetting trial for March 7, 2016, and holding that no further continuances would be granted absent a motion showing good cause and a hearing (ECF No. 115);

- stipulation to continue trial (15th) filed on February 8, 2016, stating that two of defendant's trial attorneys were out of the country on vacation during the time trial was scheduled and that the vacations were planned and paid for prior to the court's March 7th order (ECF No. 116), which the court granted on February 10, 2016, resetting trial for May 16, 2016, and holding that no further continuances would be granted absent a motion showing good cause and a hearing (ECF No. 117);

- motion to continue trial date filed on April 13, 2016 by the government, requesting a 75-day continuance because its case agent, an essential witness, had given birth April 2, 2016, and on maternity leave for three months (ECF No. 119),[2] which the court granted on April 27, 2016, resetting trial for October 3, 2016, and finding good cause existed (ECF No. 124); and

- stipulation to continue trial (16th) filed on September 6, 2016, stating that counsel for both parties were unavailable during September and October (ECF No. 127), which the court granted on September 7, 2016, resetting trial for January 9, 2017 (ECF No. 128).

On November 16, 2016, the government filed a second superseding indictment, which eliminated the charge of structuring transactions to evade reporting requirements and retitled the evasion of payment charge as "Tax Evasion."  (ECF No. 135).

---

[1] A stipulation to continue hearing on motion to compel for sixty days was filed on March 25, 2015, stating that the parties were attempting to work out the issues and no hearing was needed (ECF No. 73), which the court granted, resetting the hearing for May 29, 2015 (ECF No. 75).

[2] Defendant opposed on the basis that the case agent was not an essential witness and that the previous case agent who conducted the investigation and testified before the grand jury would be the government's trial witness (ECF No. 120), to which the government replied on the basis that the current case agent was essential to trail preparation (ECF No. 122).

James C. Mahan
U.S. District Judge

- 3 -

On November 30, 2016, defendant filed a motion to continue trial date, stating that additional time was need to prepare for trial because the second superseding indictment contained new allegations relating to the tax evasion charge.  (ECF No. 140).  The government did not oppose, but requested that trial not be continued more than 60 days.  (ECF No. 141).  On December 16, 2016, the court granted defendant's motion, resetting trial for the currently scheduled date of March 13, 2017.  (ECF No. 142).

**B.  R&R** (ECF No. 167)

On December 22, 2016, defendant filed a motion to dismiss (ECF No. 146) the second superseding indictment (ECF No. 135).  On January 5, 2017, the government filed an opposition (ECF No. 151), to which defendant replied (ECF No. 153) on January 12, 2017.

In the underlying motion, defendant argues that dismissal is proper based on violations of her Sixth Amendment right to a speedy trial, Federal Rule of Criminal Procedure 48(b)(3), and her Fifth Amendment right to due process of law.  (ECF No. 146).  On January 20, 2017, the magistrate judge held a hearing on various motions including defendant's motion to dismiss.  (ECF No. 158).

In the instant R&R, the magistrate judge recommends defendant's motion to dismiss be denied, finding that defendant's Sixth Amendment right to a speedy trial was not violated as a result of the pretrial delay in this matter, that dismissal was not warranted based on Rule 48(b)(3), and that defendant's Fifth Amendment due process right was not violated.  (ECF No. 167).  Defendant objects to various findings in the R&R and the R&R's overall recommendation that her motion to dismiss be denied.  (ECF No. 176).  The court will address each in turn.

**II.  Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4.  28 U.S.C. § 636(b)(1)(B); LR IB 3-2.  Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id*.

James C. Mahan
U.S. District Judge

- 4 -

1    Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of

2  a magistrate judge within fourteen (14) days from the date of service of the findings and

3  recommendations.  Similarly, Local Rule 7-2 provides that a party must file an opposition to a

4  motion within fourteen (14) days after service of the motion.

5  **III.    Discussion**

6  **A.  Sixth Amendment – Right to a Speedy Trial**

7    The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy

8  the right to a speedy and public trial." U.S. Const. amend. VI.  In determining whether a defendant

9  has been denied the right to a speedy trial, courts consider four factors: "(1) the length of the delay,

10  (2) the reason for the delay, (3) the defendant's prior assertion of the right, and (4) the prejudice

11  resulting from the delay." *United States v. Alexander*, 817 F.3d 1178, 1181 (9th Cir. 2016) (citing

12  *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

13  *1.  Length of Delay*

14    "The length of the delay is a 'threshold' factor, and a sufficiently lengthy delay

15  'necessitates an examination of the other three factors.'" *Id.* (quoting *United States v. Sears,*

16  *Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)).

17    In the instant case, trial is presently set for March 13, 2017—four years and six months

18  from the date the original indictment was filed.  As the magistrate judge correctly found (ECF No.

19  167 at 8), the delay is sufficiently lengthy to trigger inquiry into the other factors.  *See United*

20  *States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003) ("[D]elays approaching one year are

21  presumptively prejudicial.").

22  *2.  Reason for Delay*

23    The second factor, the reason for delay, is "the focal inquiry." *Alexander*, 817 F.3d at 1182

24  (citing *Sears*, 877 F.2d at 739).  "If the government can show that the delay was wholly justifiable

25  because it proceeded with reasonable diligence, the defendant's speedy trial claim generally cannot

26  succeed in the absence of a showing of actual prejudice resulting from the delay." *Id.* (citing

27  *Doggett v. United States*, 505 U.S. 647, 656 (1992)).  By contrast, "[i]f the government

28  intentionally delayed or negligently pursued the proceedings," the court may presume prejudice,

James C. Mahan
U.S. District Judge

1    "and its weight in the defendant's favor depends on the reason for the delay and the length of the

2    delay." *Id.* (citing *Doggett*, 505 U.S. at 656–57; *United States v. Aguirre*, 994 F.2d 1454, 1456

3    (9th Cir. 1993)).

4           Upon a detailed consideration of each delay, the magistrate judge attributed 30 months of

5    the delay to the defendant, 20 months of the delay to the government, and the remainder of the

6    delay equally to both parties.  (ECF No. 167 at 8–10).  Magistrate Foley found that "while the

7    overall length of delay weighs in favor of the [d]efendant, the delay caused by the [g]overnment

8    was approximately only one year and ten months and there is no showing that this delay resulted

9    from the [g]overnment's bad faith or negligence."  (ECF No. 167 at 11).

10           In her objection, defendant contends that "bad faith [and] negligence are not the only

11   pertinent types of governmental actions that can cause delay."  (ECF No. 176 at 4).  In particular,

12   defendant argues that the government's intentional filling of the superseding and second

13   superseding indictment caused delay and that the government intentionally used the delay to its

14   advantage.  (ECF No. 176 at 4–5).

15           The record, however, does not support defendant's contention.  Further, the magistrate

16   judge considered the delay caused by the subsequently filed indictments in his analysis, as well as

17   the record, and found no bad faith or negligence by the government.  (ECF No. 167 at 11).  After

18   reviewing the record, the court agrees.

19                    ### 3.   *Defendant's Assertion of the Right to a Speedy Trial*

20           Factor three is the defendant's responsibility to assert the right to a speedy trial.  *Barker*,

21   407 U.S. at 531.  The *Barker* Court held, in relevant part:

22           The strength of [defendant's] efforts will be affected by the length of the delay, to
             some extent by the reason for the delay, and most particularly by the personal
23           prejudice, which is not always readily identifiable, that [defendant] experiences.
             The more serious the deprivation, the more likely a defendant is to complain.  The
24           defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary
             weight in determining whether the defendant is being deprived of the right.  We
25           emphasize that failure to assert the right will make it difficult for a defendant to
             prove that [s]he was denied a speedy trial.
26
     *Id.* at 531–32.
27
             The magistrate judge found that defendant did not specifically invoke her right to a speedy
28
     trial until April 2016, when she opposed the government's motion to continue.  (ECF No. 167 at

**James C. Mahan**
**U.S. District Judge**

11).  In finding that defendant stipulated to all but one of the trial continuances, the magistrate judge held that the third factor did not weigh significantly in defendant's favor.  (ECF No. 167 at 11–12).

In her objection, defendant argues that the magistrate judge's finding failed to consider "the full explanation of [her] invocation of her speedy trial rights, including that the government forced a continuance in March 2015 by filing a motion to compel . . ., in March 2016 by moving the trial date based on the unavailability of the case agent, and most recently by filing a second superseding indictment." (ECF No. 176 at 5).  Defendant contends that the government forced her to choose between invoking her speed trial rights and receiving effective assistance of counsel.  (ECF No. 176 at 5).

While defendant maintains that she asserted her speedy trial rights as promptly and vigorously as possible given her circumstances, she does not dispute that she did not invoke her right until April 2016.  As the *Barker* Court emphasized, the "failure to assert the right will make it difficult for a defendant to prove that [s]he was denied a speedy trial." *Id*. at 532.  Thus, as the magistrate judge correctly held, the third factor does not weigh significantly in defendant's favor.

### 4.  Prejudice to Defendant

The magistrate judge found defendant has failed to set forth any evidence to show that she suffered actual prejudice as a result of the delay.  (ECF No. 167 at 12).  Defendant objects to the magistrate judge's finding that she failed to prove actual prejudice, arguing that she established that "she has been prejudiced by the four and a half year delay in the prosecution of this case." (ECF No. 176 at 5).  The court disagrees as defendant has, again, failed to establish any particularized prejudice.

"The amount of prejudice a defendant must show is inversely proportional to the length and reason for the delay." *Alexander*, 817 F.3d at 1183 (citing *Doggett*, 505 U.S. at 655–56).  As the *Gregory* Court held, a violation of the constitutional right to a speedy trial did not occur in the absence of a showing of particularized prejudice when the government's negligence caused a 22-month delay.  *See* 322 F.3d at 1162.

James C. Mahan
U.S. District Judge

- 7 -

1    Defendant has failed to meet her burden of showing particularized prejudice.  Defendant

2    has not shown any prejudice to her ability to adequately defend her case at trial or any uncertainty

3    resulting from the delay, nor has she been subject to pretrial detention.

4    In light of the foregoing and after weighing the factors, the court agrees with the R&R and

5    finds that defendant was not deprived of her right to a speedy trial.

6    **B. Rule 48(b)(3) & Fifth Amendment – Due Process**

7    Defendant fails to set forth a specific objection or argument under Rule 48 and the Fifth

8    Amendment.  In her objection, defendant merely asserts that "[f]or the reasons stated above, at the

9    hearing, and in the motion and reply, this [c]ourt should dismiss the underlying second superseding

10   indictment" pursuant to Rule 48 and the government's violation of her due process rights.  (ECF

11   No. 176 at 6).

12   The magistrate judge found that dismissal pursuant to Rule 48(b) was not warranted

13   because the record did not support a finding of prosecutorial misconduct and demonstrable

14   prejudice or substantial evidence of prejudice to defendant.  (ECF No. 167 at 14).  The magistrate

15   further found that defendant failed to demonstrate a violation of her substantive or procedural due

16   process rights.  (ECF No. 167 at 14–15).

17   Based on the foregoing and upon reviewing the R&R, as well as the underlying briefs, the

18   court finds that good cause appears to ADOPT the magistrate judge's R&R in its entirety.

19   **IV.    Conclusion**

20   Accordingly,

21   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Foley's

22   R&R (ECF No. 167) be, and the same hereby is, ADOPTED in its entirety.

23   IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 146) be, and

24   the same hereby is, DENIED.

25   DATED March 3, 2017.

26   _____

UNITED STATES DISTRICT JUDGE

27

28

James C. Mahan
U.S. District Judge