UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>MARIA LARKIN,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:12-CR-319 JCM (GWF)<br><br>ORDER |

　　　　Presently before the court is the government's motion *in limine*. (ECF No. 152). Defendant Maria Larkin filed a response (ECF No. 161), to which the government replied (ECF No. 165).

**I.　　Facts**

　　　　On November 16, 2016, the government filed a second superseding indictment, charging defendant with one count—tax evasion in violation of 21 U.S.C. § 7201. (ECF No. 135). Trial is currently set for March 13, 2017.

　　　　The second superseding indictment alleges that defendant willfully attempted to evade and defeat the payment of trust fund recovery penalties by concealing and attempting to conceal her access to personal funds and assets from the IRS through acts, including, but not limited to the following:

- engaging in currency transactions with financial institutions in amounts less than $10,000 to prevent financial institutions from filing currency transaction reports disclosing that she had possession of substantial amounts of currency;
- purchasing a home in the name of a nominee;
- dealing extensively in cash, including causing checks to be drawn on a business bank account payable to certain individuals and directing those individuals to cash the checks and deliver the funds to her;
- changing the name of FSHHC to Five Star Healthcare, LLC;
- putting Five Star Healthcare, LLC in the name of a nominee; and
- providing false information to the IRS regarding FSHHC's ability to pay trust fund taxes and her ability to pay trust fund recovery penalties.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 135 at 4–5).

In the instant motion *in limine*, the government moves to introduce summary charts into evidence pursuant to Federal Rule of Evidence 1006, as well as to preclude defendant from introducing any lay opinion testimony regarding her mental state, arguing or presenting evidence regarding the government's motives for prosecution, and introducing any improper impeachment questioning or evidence on cross-examination at trial. (ECF No. 152). The court will address each in turn.

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

**James C. Mahan**
**U.S. District Judge**

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### III. Discussion

#### A. Summary Charts

The government moves to introduce summary charts into evidence pursuant to Federal Rule of Evidence ("FRE") 1006. (ECF No. 152 at 2–3). The government asserts that the summary charts will be presented by a witness familiar with the underlying data and that the underlying information will come in as evidence. (ECF No. 152 at 3). The government further asserts that the summary charts will assist the jury in understanding the large number of tax documents, bank records, and other financial documents in the instant case. (ECF No. 152 at 3).

Defendant argues that the government's request is not specific and premature. (ECF No. 161 at 4). In particular, defendant argues that the government failed to identify the summary charts it intends to admit or the evidence the charts intend to summarize. (ECF No. 161 at 3–4).

"A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (citing *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996)). FRE 1006 provides as follows:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. "The purpose of the rule is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury." *Rizk*, 660 F.3d at 1130 (quotation omitted).

In light of the foregoing, the court will grant the government's motion *in limine* as to the summary charts provided that the government lays a proper foundation.

James C. Mahan
U.S. District Judge

**B. Lay Witness Opinion Testimony**

Next, the government moves to preclude the defendant from introducing any lay testimony regarding her mental state. (ECF No. 152 at 3). The government contends that such opinions would be speculative and not rationally based or helpful in contravention of FRE 701. (ECF No. 152 at 3). The government further argues that because FRE 704 prohibits a defense expert from opining about state of mind, a lay witness should also be prohibited from doing the same. (ECF No. 152 at 3). In particular, the government maintains that because intent is an element of § 7201, the jury, not a lay witness, must decide the element of intent. (ECF No. 152 at 3).

In response, defendant contends that the government fails to cite any binding authority in support of its request and that the request itself is overly broad and unspecific. (ECF No. 161 at 4).

Opinion testimony by lay witnesses is limited to one that is" (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Corona*, 359 F. App'x 848, 851 (9th Cir. 2009) (internal quotation marks and citations omitted).

In general, "an opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). "Willfulness may be established in prosecutions under section 7201 by 'any conduct, the likely effect of which would be to mislead or conceal.'" *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981) (quoting *Spies v. United States*, 317 U.S. 492, 499 (1943)).

The court will deny the government's motion *in limine* as to this evidence as the motion lacks adequate support and sufficient details upon which to make such determination. The court

**James C. Mahan**
**U.S. District Judge**

- 4 -

will rule on the admissibility at trial as it unfolds, and inadmissible or irrelevant evidence will be excluded as appropriate.

### C. Motive for Prosecution

Next, the government moves to preclude defendant from arguing or presenting evidence regarding the government's motives for bringing the case. (ECF No. 152 at 4). The government argues that it is well settled that inquiries regarding the subjective intent or motivation of a government agent are irrelevant to determine the factual guilt of a defendant. (ECF No. 152 at 4).

In response, defendant contends that the government fails to cite binding authority in support of its request and asserts that she has a right to challenge the government's witnesses and evidence presented against her. (ECF No. 161).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, defendant is charged with tax evasion under § 7201. (ECF No. 135). "The elements of attempted income tax evasion under 26 U.S.C. § 7201 are: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007) (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Marashi*, 913 F.2d 724, 735 (9th. Cir. 1990)).

While defendant correctly asserts that she has a constitutional right to challenge the government's witnesses and evidence presented against her, she fails to explain how precluding evidence regarding the government's motive for prosecution deprives her of such rights. Nor does defendant allege, for example, any selective enforcement by the government based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Further, defendant does not argue that the government's motive for prosecution is relevant to negate an element of her charge or to prove an element of any defense.

**James C. Mahan**
**U.S. District Judge**

- 5 -

In light of the foregoing, the court will grant the government's motion *in limine* as it relates here. Defendant will be precluded from presenting evidence regarding the government's motive for prosecution in the instant case as such evidence is not relevant.

### D. Improper Impeachment Questioning or Evidence

Last, the government moves to preclude defendant from introducing improper impeachment questioning or evidence at trial through cross-examination. (ECF No. 152 at 4).

In response, defendant argues that the government's request in essence restates the general evidentiary rules, of which defense is well aware, and such request is improper. (ECF No. 161 at 5).

The court agrees. The government's motion merely recites evidentiary rules and fails to apply the rules to the instant case. Accordingly, the court will deny the government's motion *in limine* as to this request.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion in limine (ECF No. 152) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED March 8, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**