UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-319 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MARIA LARKIN, | |
| Defendant(s). | |

Presently before the court is the government's motion *in limine* re business records pursuant to Federal Rule of Evidence 902(11). (ECF No. 214). Defendant Maria Larkin filed a response. (ECF No. 219).

**I.  Facts**

On November 16, 2016, the government filed a second superseding indictment, charging defendant with one count—tax evasion in violation of 21 U.S.C. § 7201. (ECF No. 135). Trial is currently set for March 13, 2017.

The second superseding indictment alleges that defendant willfully attempted to evade and defeat the payment of trust fund recovery penalties by concealing and attempting to conceal her access to personal funds and assets from the IRS through acts, including, but not limited to the following:

- engaging in currency transactions with financial institutions in amounts less than $10,000 to prevent financial institutions from filing currency transaction reports disclosing that she had possession of substantial amounts of currency;
- purchasing a home in the name of a nominee;
- dealing extensively in cash, including causing checks to be drawn on a business bank account payable to certain individuals and directing those individuals to cash the checks and deliver the funds to her;
- changing the name of FSHHC to Five Star Healthcare, LLC;
- putting Five Star Healthcare, LLC in the name of a nominee; and

**James C. Mahan**
**U.S. District Judge**

- providing false information to the IRS regarding FSHHC's ability to pay trust fund taxes and her ability to pay trust fund recovery penalties.

(ECF No. 135 at 4–5).

In the instant motion, the government requests a pretrial ruling on the sufficiency of the authentication and admissibility of certain government exhibits under Federal Rules of Evidence 902(1) and 902(11) so as to determine whether additional document custodian witnesses must be called to testify at trial. (ECF No. 214). In particular, the government seeks a ruling that the business records certifications satisfy Rule 902(11) and that the corresponding business records are admissible in accordance with Rules 803(6) and 902(11). (ECF No. 214).

## II.     Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

**James C. Mahan**
**U.S. District Judge**

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### III.  Discussion

In the instant motion, the government lists thirteen records, attaches copies of thirteen certifications, and requests a ruling that the certifications satisfy Rule 902(11) and the corresponding business records are admissible in accordance with Rules 803(b) and 902(11). (ECF No. 214).

In response, defendant asserts that a cursory review of the 2,000 plus documents raises substantial issues. (ECF No. 219). Defendant argues that the government has not provided defense with a fair opportunity to challenge the admissibility of the records. (ECF No. 219). Defendant thus requests that the court defer ruling on the government's motion until the issue may be more properly addressed at trial. (ECF No. 219).

Rule 902 provides, in relevant part, that the following items of evidence are self-authenticating and do not require extrinsic evidence of authenticity to be admitted:

> **(1) Domestic Public Documents That Are Sealed and Signed.**  A document that bears:
>
> > (A) a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and
> >
> > (B) a signature purporting to be an execution or attestation.
>
> . . . .
>
> **(11) Certified Domestic Records of a Regularly Conducted Activity.**  The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Fed. R. Evid. 902.

Rule 803 governs exceptions to the rule against hearsay regardless of whether the declarant is available as a witness. Fed. R. Evid. 803. Subsection (6) of Rule 803 provides as follows:

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

After reviewing the underlying briefs, the court finds that the government's motion has not set forth sufficient grounds upon which to warrant the granting of its request. Accordingly, the court will deny the government's motion *in limine* and rule on the issues therein during the course of trial.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion *in limine* (ECF No. 214) be, and the same hereby is, DENIED.

DATED March 10, 2017.

_____
UNITED STATES DISTRICT JUDGE