James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-319 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MARIA LARKIN, | |
| Defendant(s). | |

Presently before the court is defendant Maria Larkin's motion *in limine*. (ECF No. 260). The government filed a response (ECF No. 270), to which defendant replied (ECF No. 281).

**I.     Facts**

On November 16, 2016, the government filed a second superseding indictment, charging defendant with one count—tax evasion in violation of 21 U.S.C. § 7201. (ECF No. 135). Trial is currently set for March 13, 2017.

The second superseding indictment alleges that defendant willfully attempted to evade and defeat the payment of trust fund recovery penalties by concealing and attempting to conceal her access to personal funds and assets from the IRS through acts, including, but not limited to the following:

- engaging in currency transactions with financial institutions in amounts less than $10,000 to prevent financial institutions from filing currency transaction reports disclosing that she had possession of substantial amounts of currency;
- purchasing a home in the name of a nominee;
- dealing extensively in cash, including causing checks to be drawn on a business bank account payable to certain individuals and directing those individuals to cash
- the checks and deliver the funds to her;
- changing the name of FSHHC to Five Star Healthcare, LLC;
- putting Five Star Healthcare, LLC in the name of a nominee; and
- providing false information to the IRS regarding FSHHC's ability to pay trust fund taxes and her ability to pay trust fund recovery penalties.

(ECF No. 135 at 4–5).

In the instant motion *in limine*, defendant moves to preclude the government from introducing various exhibits into evidence during trial. (ECF No. 260).

**II.  Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### III. Discussion

Defendant argues that various government exhibits should be excluded as irrelevant, unduly prejudicial, improper testimonial statements, cumulative, and hearsay. (ECF No. 260).

In response, the government asserts that it will limit exhibits 1, 2, 3, 50, 61, 62, 65, 70, 82–84, and 134 to the years 2009, 2010, and 2011. (ECF No. 270 at 3–5). The government further asserts that it will remove the requested documents from exhibits 59, 61, 62, 65, 83, and 133. (ECF No. 270 at 5–6).

In light of the government's concessions in its response (ECF No. 270), the court will deny defendant's motion *in limine* (ECF No. 260). The court will rule on objections to the exhibits as they are offered into evidence at trial.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Maria Larkin's motion *in limine* (ECF No. 260) be, and the same hereby is, DENIED.

DATED June 1, 2017.

	_____
	UNITED STATES DISTRICT JUDGE