UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MARIA LARKIN,<br><br>Defendant(s). | Case No. 2:12-CR-319 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Maria Larkin's motion for judgment of acquittal. (ECF No. 318). The government filed a response (ECF No. 319), to which Larkin did not reply.

## I. Background

On November 16, 2016, the government filed a second superseding indictment, charging Larkin with tax evasion, in violation of 21 U.S.C. § 7201. (ECF No. 135).

At the conclusion of a seven-day jury trial, the jury found Lark guilty of the offense of tax evasion as charged in count one of the second superseding indictment. (ECF No. 313).

In the instant motion, Larkin moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). (ECF No. 318).

## II. Legal Standard

A defendant may move for a judgment of acquittal, or renew such a motion, within fourteen days after a guilty verdict. Fed. R. Crim. P. 29(c). Such a motion is reviewed for sufficiency of the evidence. *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1988).

"The standard of review for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v.*

**James C. Mahan**
**U.S. District Judge**

*Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2009) (internal quotation marks omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (explaining that "the critical inquiry" is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt")).

"[The] district court must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992).

### III. Discussion

In *United States v. Kayser*, the Ninth Circuit set forth the elements of attempted tax evasion under 26 U.S.C. § 7201[1] as follows: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. 488 F.3d 1070, 1073 (9th Cir. 2007) (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990)).

In the instant motion, Larkin asserts that the trial evidence was insufficient to prove she willfully attempted to evade and defeat the payment of trust fund recovery penalties by committing the alleged affirmative acts of evasion. (ECF No. 318 at 3). Larkin contends that no rational trier of fact could find elements (1) and (3), or the requisite specific intent, beyond a reasonable doubt, based on the evidence at trial. (ECF No. 318 at 4).

### A. Willfulness

"Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that [s]he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). This same definition applies equally to all tax offenses, misdemeanors

---

[1] Title 26 U.S.C. § 7201 provides as follows:
Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.
26 U.S.C. § 7201.

**James C. Mahan**
**U.S. District Judge**

- 2 -

and felonies alike. *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (citing *United States v. Bishop*, 412 U.S. 346, 359–60 (1973)).

The Ninth Circuit has held that "willfulness" in the tax context means "a voluntary, intentional violation of a known legal duty." *United States v. Easterday*, 564 F.3d 1004, 1006 (9th Cir. 2009) (citing *Cheek*, 498 U.S. at 201–02; *United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir. 1992)). "In other words, if you know that you owe taxes and you do not pay them, you have acted willfully." *Id.*

Citing to *United States v. Bishop*, 291 F.3d 1100, 1107 (9th Cir. 2002), Larkin asserts that "[w]illfulness is negated by a defendant's good faith reliance on the advice of a qualified tax professional." (ECF No. 318 at 5). Larkin contends that the testimony and exhibits presented at trial established that Larkin hired and relied on the advice of an IRS enrolled agent and accountant, Jennifer Moutray. (ECF No. 318 at 5). Larkin argues that the government did not prove she acted willfully because the government did not rebut or dispute the evidence that Larkin relied on the advice of her professionals. (ECF No. 318 at 5).

Having heard the evidence at trial and reviewed the evidence in light of the standard above, the court finds that Larkin's contentions are without merit. The testimony of several IRS agents and the evidence at trial provided a sufficient basis for the jury to find that Larkin acted willfully— that Larkin knew she owed trust fund taxes and failed to pay them. Stated differently, the government produced sufficient evidence for the jury to conclude that Larkin, as a responsible person, failed to pay over trust fund taxes for her company.

Further, while Larkin asserts that she presented evidence that she relied on the advice of her professionals, the government provided sufficient evidence for the jury to find that Larkin acted willfully despite her good faith defense.

### B.  Affirmative Act of Evasion

Larkin argues that the government failed to prove beyond a reasonable doubt that any of the alleged affirmative acts were done with the specific intent to evade paying the penalties owed. (ECF No. 318 at 5).

**James C. Mahan**
**U.S. District Judge**

1       "Courts have uniformly held that affirmative acts associated with tax evasion involve its
2  traditional notions, such as filing a false return, concealing the taxpayer's ability to pay taxes, or
3  removing assets from the IRS' reach or knowledge (e.g. moving money offshore to conceal its
4  existence)." *United States v. Araujo*, 43 F. App'x 21, 26 (9th Cir. 2002) (citations omitted).

5       In *Spies v. United States*, the U.S. Supreme Court held that "the necessary intent may be
6  inferred from conduct "the likely effect of which would be to mislead or to conceal." 317 U.S.
7  492, 499 (1943). The *Spies* Court set forth examples of conduct from which an affirmative willful
8  attempt may be inferred:

> keeping a double set of books, making false entries of alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal.

12 *Id*.

13      Having heard the evidence at trial and reviewed the evidence in light of the standard above,
14 the court finds that Larkin's argument is meritless. The evidence produced at trial provided a
15 sufficient basis for the jury to find that Larkin committed affirmative act(s) constituting evasion or
16 attempted evasion of trust fund taxes. The government provided witness testimony and document
17 evidence that formed a sufficient basis for the jury to infer that, *inter alia*, Larkin conducted
18 currency transactions under $10,000.00 to prevent the generation of currency transaction reports
19 and used her nephew as the nominee purchaser of the property to conceal assets.

20      Viewing the evidence in light most favorable to the government, the court finds that any
21 rational trier of fact could have found the essential elements of tax evasion beyond a reasonable
22 doubt. Accordingly, the court will deny Larkin's motion for judgment of acquittal (ECF No. 318).
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED that defendant Maria Larkin's motion for judgment of acquittal (ECF No. 318) be, and the same hereby is, DENIED.

DATED July 20, 2017.

                                                                                     */s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**