# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MARIA LARKIN,<br><br>Defendant(s). | Case No. 2:12-CR-319 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Maria Larkin's motion for release on personal recognizance bond pending appeal. (ECF No. 361). The government filed an opposition (ECF No. 372), to which defendant replied (ECF No. 375).

On June 13, 2017, a jury found defendant guilty of tax evasion as charged in count one of the second superseding indictment. (ECF No. 313).

On January 31, 2018, the district court sentenced defendant to 12 months and 1 day in the custody of the federal bureau of prisons. (ECF No. 350).

On February 2, 2018, defendant appealed the district court's judgment imposing sentence. (ECF No. 353).

In the instant motion, defendant requests the court release her on personal recognizance bond pending the duration of her appeal. (ECF No. 361). Defendant argues she is not a flight risk, is not a danger to the community, and that her appeal raises substantial questions that are likely to result in reversal and remand for a new trial. *Id.* The government refutes each of defendant's contentions in its objection to her motion. (ECF No. 372).

Under 18 U.S.C. 3143(b)(1), a defendant may not be granted bond pending appeal unless (1) the defendant proves by "clear and convincing evidence that [she] is not likely to flee or pose

**James C. Mahan**
**U.S. District Judge**

a danger to the safety of any other person or the community if released," and (2) the defendant's appeal is not brought for the purpose of delay and raises "a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. 3143(b)(1).  The defendant bears the burden to prove by clear and convincing evidence that she is not a flight risk, *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985), and also bears the burden to establish substantial issue on appeal, *United States v. Montoya*, 908 F.2dd 450, 451 (9th Cir. 1990).

The defendant "need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions."  *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003). However, as the Ninth Circuit noted in *Handy*, "the 'substantial question' test is stricter than the 'not frivolous' test" and not all appeals that are "not frivolous" are "substantial." *Handy*, 671 F.2d at 1282 n.1.  Further, to show entitlement to release or bond pending appeal, the defendant must present a substantial question as to all counts on which imprisonment has been imposed.  *Id.* at 1283.

   *a. Flight risk/danger to community*

The court agrees with defendant that she is not likely to flee nor does she pose a danger to the safety of her community. Since her arrest, defendant has demonstrated exemplary conduct and fully complied with the requirements of her presentence supervision. She has not gambled once since her arrest and has made significant progress in repaying both her gambling debts and the monies owed to the United States. Further, she has consistently articulated the importance of her job and her employees in her life, all located in Las Vegas.

Additionally, defendant's family resides in Las Vegas. She has three children, one of which, her daughter, lives with both mental and physical handicaps. During and leading up to defendant's sentencing hearing, defendant repeatedly underscored the importance of her role in her daughter's life. In fact, defendant insisted that only she could adequately care for the needs of her daughter. Defendant argued that even her husband was unfit to care for the developing needs

of his adolescent daughter. While defendant spent the several years leading up to her arrest obsessively and constantly gambling, often for hours on end, the court recognized the substantial changes defendant had undertaken since her arrest, particularly a renewed interest in and desire to care for her children. In consideration, the court afforded defendant great leniency, sentencing defendant to a period in custody far below the range recommended by the sentencing guidelines.

Accordingly, as a result of defendant's close ties to her community and family, particularly her purported irreplaceable role as her daughter's caregiver, the court does not find that defendant is likely to flee. Nor is the court concerned defendant poses any threat to the safety of others, despite the apparently malicious nature of her voicemail to her former casino host.

As the court finds that defendant has satisfied the first requirement under 18 U.S.C. § 3143(b)(1) necessary for release on bond pending an appeal, the court will next consider whether the issues defendant raises on appeal amount to a substantial question that is likely to result in reversal.

b. *Substantial question of law*

Defendant's motion identifies two issues to be raised on appeal. (ECF No. 361). The court will address the parties' arguments as to each issue in turn to determine whether defendant has shown a substantial question that is likely to result in reversal or an order for a new trial on appeal.

i. *Exclusion of defendant's expert witness' testimony*

Defendant argues that the exclusion of her expert witnesses at trial violated her right to a meaningful opportunity to present a complete defense. (ECF No. 361). Defendant contends "that the exclusion of her experts is an issue that if she were to prevail on would warrant a new trial." *Id.* at 3. The government responds that there were significant and merited reasons for the court's decision to exclude the four experts.

First, the court excluded Dr. Hunter's testimony on relevance grounds. Dr. Hunter was to testify as to defendant's gambling disorder. Defendant argues that without the testimony of Dr. Hunter, defense counsel was unable to present to the jury the neurological and biological effects of the disorder on an individual's state of mind. The government argues that Dr. Hunter's testimony was not proper because it did not tend to prove willfulness, an essential element of tax

evasion. The court agrees. The jury was fully apprised of defendant's gambling problem. A doctor's purported medical diagnosis was not essential to the jury's understanding of the extent of defendant's problem and the impact it had on her decision-making. There was ample evidence presented at trial as to the scope of defendant's gambling, its control over her life and the decisions she made, and her efforts to conceal her problem. The jury found defendant possessed the requisite level intent to convict defendant of tax evasion.

Defendant's gambling problem motivated defendant's tax evasion scheme. Her gambling debt was massive. Defendant's decision to misappropriate her employee's withholding taxes while not rational, was certainly intentional and calculated. Accordingly, the court does not agree with defendant that the exclusion of Dr. Hunter's testimony is fairly debatable and presents a substantial question on appeal that is likely to result in reversal.

Next, defendant argues that the court's exclusion of Michael Rosten's ("Rosten") testimony was improper. (ECF No. 361). Rosten was to testify about transfers between defendant's personal accounts and her company's accounts, defendant's 2011 tax return, and was to offer his opinion that defendant was not attempting to avoid reporting requirements, an affirmative act of evasion. (ECF No. 372).

This court held, and the government restates in its response, that this testimony was not relevant because defendant's personal tax records and transfers to her personal account have no bearing on her liability for attempting to evade trust fund recovery penalties. (ECF No. 372). Further, it is impermissible for an expert to testify as to the defendant's intent. Intent is a determination to be made by the jury. For the foregoing reasons, the court agrees with its previous decision to exclude Rosten's testimony. If found in defendant's favor, the court's decision to exclude Rosten's testimony is not likely to result in a new trial.

Defendant contends that the court also erred by excluding the testimony of Rich Flakus ("Flakus"), a manager with the IRS for 31 years. (ECF No. 361). Flakus was to testify about defendant's purported attempts to pay her taxes, that defendant was spiraling into debt, and that defendant's representative did not exhaust all remedies available to resolve defendant's problems. *Id.* The court excluded this testimony, as Flakus does not have knowledge of defendant's mental

state. *Id.* The government argues that the court's exclusion of Flakus's testimony was proper, as there was no basis for Flakus to testify as to whether defendant intended to pay the taxes. (ECF No. 372). The court agrees.

While this was a closer call, and Flakus's testimony could have potentially aided the jury in its understanding of defendant's tax history and her interactions with the IRS and her tax professionals, the exclusion of Flakus's testimony, if found to be in error, is still not likely to result in a new trial.

Lastly, defendant contends that the court's exclusion of Anthony Lucas ("Lucas"), a purported expert in hotel administration, was improper. (ECF No. 372). Lucas's testimony concerned the Palace Station marketing practices. *Id.* After reviewing the emails between Palace Station representatives and defendant, Lucas was prepared to testify that the nature of the casino's pursuit of defendant was predatory. *Id.*

The court ruled that such testimony was irrelevant as to whether defendant engaged in affirmative acts to evade the payment of trust fund recovery penalties. The court's decision to exclude Lucas's testimony was proper. Even if determined otherwise on appeal, is not likely to result in a new trial. As discussed in regards to Dr. Hunter, Lucas's testimony was not necessary for the jury to determine whether Palace Casino's communications with defendant were predatory and is not relevant to the charge against her.

> ii. *District court's decision not to instruct jury on good faith reliance*

Second, defendant argues that whether the district court erred in declining to give a good faith reliance jury instruction is a substantial question for appeal and that a finding in her favor would result in a new trial. (ECF No. 361).

The government argues a good faith reliance requires a defendant to give complete information to her power of attorney. (ECF No. 373). Here, the evidence did not support such an instruction because defendant did not provide her tax professionals with all material facts. *Id.* In fact, the government contends that defendant actively misled her tax professionals. *Id.* The government claims defendant did not inform her tax professionals about opening a new business, purchasing a home in the name of her nephew, her gambling tendencies, or about opening a new

bank account at Wells Fargo. *Id.* Defendant, thus, cannot show she in good faith relied on them. *Id.*

In response, defendant argues that it is undisputed that her tax professionals instructed her to restructure Five Star Inc. into Five Star LLC. (ECF No. 375). Further, defendant's tax professionals instructed defendant to open the new Wells Fargo bank account when she restructured the business into an LLC. *Id.* Defendant also contends that the purchasing of a home on her nephew's behalf is not material to the tax professionals' representation of defendant.

The extent to which defendant's tax professionals were aware of defendant's situation and her potentially ulterior motivations is in dispute. Accordingly, the court's decision to decline to issue a good faith reliance instruction was not in error. Further, a finding otherwise would not be grounds for a new trial.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for release on personal recognizance bond pending appeal (ECF No. 361) be, and the same hereby is, DENIED.

DATED March 21, 2018.

_____
UNITED STATES DISTRICT JUDGE